[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2011
JOHN LEY
CLERK

No. 09-16227
Non-Argument Calendar

_____

D. C. Docket No. 07-00715-CV-W-N

ALBERT JEROME LOCKWOOD,

Petitioner-Appellant,

versus

RALPH HOOKS, Warden,
TROY KING,
Attorney General of the State
of Alabama,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(February 16, 2011)

Before TJOFLAT, EDMONDSON and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Albert Jerome Lockwood is an Alabama prison inmate serving a sentence of life imprisonment without the possibility of parole for attempted murder. After exhausting his state remedies and proceeding *pro se*, he petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court denied his petition, and we granted a certificate of appealability ("COA") on one issue:

> Whether the district court erred by finding that Lockwood's attorney did not provide ineffective assistance of counsel by failing to preserve for appeal the claim that the transcript of Lockwood's statement to law enforcement officials should not have been admitted into evidence because it was obtained in violation of Lockwood's right to remain silent.

The statement at issue was audio recorded. The police subsequently lost the recording. The trial court admitted the transcried transcript of the statement into evidence. Petitioner contends that the audio recording would show that his statement was obtained in violation of his rights to counsel and to remain silent, and that the police acted in bad faith in losing the recording. Citing *Davis v. Sec'y for Dep't of Corrs.*, 341 F.3d 1310 (11th Cir. 2003), he argues that the district court owed the state court decision no deference under 28 U.S.C. § 2254(d) because the state court misconstrued his claim as challenging trial counsel's failure to object to the admission of the statement into evidence, rather than trial counsel's failure to

2

preserve for appeal the improper admission of his transcribed statement.

A district court's grant or denial of a habeas corpus petition under § 2254 is reviewed *de novo*. *Sims v. Singletary*, 155 F.3d 1297, 1304 (11th Cir. 1998). We review the district court's findings of historical facts underlying an ineffective-assistance-of-counsel claim for clear error, but review *de novo* its decision on the ultimate issue—whether counsel's performance passed constitutional muster. *Conklin v. Schofield*, 366 F.3d 1191, 1201 (11th Cir. 2004).

Under 28 U.S.C. § 2254(d), a petitioner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court, unless the decision of the state court was (1) contrary to or an unreasonable application of clearly established federal law, as determined by the Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented during the state court proceeding. 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 405-07, 120 S.Ct. 1495, 1519-20, 146 L.Ed.2d 389 (2000).

To establish a case of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) his defense was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. There is a strong presumption that counsel's performance "falls within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. at 2065.

3

Trial counsel's performance will not be considered deficient unless counsel's representation fell below an objective standard of reasonableness or, more specifically, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 688, 690, 104 S.Ct. at 2064, 2066. To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* There is no reason for a court deciding an ineffective-assistance-of-counsel claim to approach the inquiry in the same order, or even to address both components of the inquiry, if the prisoner makes an insufficient showing on one. *Id.* at 697, 104 S.Ct. at 2069; *see also Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) (habeas case).

In *Davis*, the petitioner argued that his trial attorney was ineffective, under *Strickland*, for failing to preserve a *Batson*[1] claim for appeal. *Davis*, 341 F.3d at 1313-14. We determined that the dispute was whether the prejudice determination should be made by looking to the outcome of Davis's trial or his appeal. *Id.* at 1314. We observed that, in Davis's case, "the only effect of trial

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

4

counsel's negligence was on Davis's appeal." *Id.* at 1314. Therefore, we held that "when a defendant raises the unusual claim that trial counsel, while efficacious in raising an issue, nonetheless failed to preserve it for appeal, the appropriate prejudice inquiry asks whether there is a reasonable likelihood of a more favorable outcome on appeal had the claim been preserved." *Id.* at 1316. Of significance, in coming to this conclusion, we noted that § 2254(d)(1) deference—a determination of whether the state court's ruling was contrary to or an unreasonable application of established federal law—was not required because the state courts did not resolve the merits of Davis's claim that trial counsel failed to preserve the *Batson* claim; rather, they considered whether counsel failed to raise the *Batson* claim. *Id.* at 1313.

In a subsequent habeas case, we considered whether the nature of trial counsel's alleged error—failing to object and, thus, failing to preserve for appeal the trial court's clearing the courtroom of most of the public during a young victim's testimony—altered the prejudice requirement of an ineffective-assistance-of- counsel claim. *Purvis v. Crosby*, 451 F.3d 734, 735 (11th Cir. 2006). We noted that, first, had counsel objected at trial, the trial court might have agreed with the defendant and corrected the error. *Id.* at 739. Second, we cited *Strickland* for the proposition that when an error is claimed at the guilt

5

stage of a trial, the focus of the prejudice inquiry is the result at trial.  We further

distinguished *Davis* by noting that "because the failure of counsel [in Davis] was

solely in his role as appellate counsel at trial . . . , the prejudice inquiry should

focus on the effect that counsel's omission at trial had on the appeal."  *Id.*  We also

stated that *Purvis*, unlike *Davis*, was not:

> the "unusual case" involving the "peculiar circumstances" where
> counsel recognized and pressed an issue before the trial court and then
> neglected to take some step that is relevant only to the appellate stage.
> This is the more typical ineffective assistance of trial counsel case
> where the claim is that trial counsel did not raise the issue at all.  The
> broad, generally applicable rule of measuring prejudice in terms of
> impact on the result of the trial instead of on the result of the appeal,
> which is set out in *Strickland* . . . applies; the razor thin exception
> recognized in the *Davis* case does not.

*Id.* at 740.  Finally, we stated, the "reasoning and the result in *Davis* arguably were

pushing things given what the Supreme Court said in *Strickland* about measuring

the effect of counsel's errors at the guilt stage of a trial against the result of the trial

instead of the appeal."  *Id.* at 739.

In *Miranda*,[2] the Supreme Court determined that, before beginning a

custodial interrogation, law enforcement officers must warn the subject that he has

the right to remain silent and the right to have an attorney present during the

questioning.  384 U.S. at 479, 86 S.Ct. at 1630.  If, after the warnings have been

---

[2]  *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

given, the subject "indicates in any manner, at any time prior to or during questioning, that he wishes to remain silent," or that he wants a lawyer, "the interrogation must cease." *Id.* at 473-74, 86 S.Ct. at 1627-28.

Regardless of whether a subject invokes his *Miranda* rights, his "statement during a custodial interrogation is inadmissible at trial unless the prosecution can establish that the accused in fact knowingly and voluntarily waived [his] *Miranda* rights when making the statement." *Berghuis v. Thompkins*, 560, U.S. ___, ___, 130 S.Ct. 2250, 2260, 176 L.Ed.2d 1098 (2010) (quotation and alteration omitted). A waiver may be express or implied from the circumstances. *Id.* at ___, 130 S.Ct. at 2261-63. When a subject invokes his *Miranda* rights during custodial interrogation, "a valid waiver of [those rights] cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights." *Edwards v. Arizona*, 451 U.S. 477, 484, 101 S.Ct. 1880, 1884-85, 68 L.Ed.2d 378 (1981) (discussing invocation of the right to counsel). However, a suspect may waive "Fifth Amendment protections after [invoking his rights], provided the accused has initiated the conversation or discussions with the authorities." *Minnick v. Mississippi*, 498 U.S. 146, 156, 111 S.Ct. 486, 492, 112 L.Ed.2d 489 (1990) (discussing invocation of the right to counsel).

As an initial matter, we decline to review petitioner's arguments that his trial counsel rendered ineffective assistance when she failed to object to admission of petitioner's statement on grounds that law enforcement officers acted in bad faith in losing the audio recording of the statement and that the statement was taken in violation of the right to counsel. These arguments are beyond the scope of the COA and, thus, not properly before us. However, we consider the merits of the issue designated in the COA because petitioner is proceeding *pro se,* and he asserts in his initial brief that the district court erred in finding that his trial counsel was not ineffective for failing to preserve the inadmissibility of his statement on the ground that the statement was obtained in violation of his right to remain silent.

Turning to the merits, we hold that because petitioner's claim is relevant to the outcome of his trial, it is governed by the prejudice standard articulated in *Strickland*, not the exception recognized in *Davis*, and the state court's decision applying *Strickland* is entitled to deference. Further, we affirm the district court's denial of habeas relief because the state court reasonably concluded that petitioner failed to show that he was prejudiced by trial counsel's failure to object to the admission of his statement on the right-to-remain-silent ground.

AFFIRMED.